UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

THOMAS WHITEHEAD,
  Plaintiff,

vs.                                       No. 10-1197

MR. HASTINGS, et. al,
  Defendants

CASE MANAGEMENT ORDER.

This cause is before the court for case management. On June 24, 2010, the pro se plaintiff filed a document entitled "Leave to File Petition of Mandamus." [d/e 1] The plaintiff says he is incarcerated in the Pontiac Correctional Center and prison officials are not providing timely responses to his grievances as required by state law. The plaintiff wants the court to order four defendants to provide responses to his grievances and to enforce the law.

The court notes that on May 21, 2010, the plaintiff filed a nearly identical document. *See Whitehead v. Hastings*, Case No. 10-1149 [d/e 1]. In that case, the court noted that based on the caption and initial paragraph, it appeared the plaintiff intended to file his complaint in Livingston County, Illinois where Pontiac Correctional Center is located. Therefore, the case was transferred to the state court. *Whitehead v. Hastings*, Case No. 10-1149, May 27, 2010 Text Order.

In the case before the court, the plaintiff again says he is filing his petition for mandamus pursuant to state law. (Pet., p. 1). This time the caption states he is filing his document in the "Circuit Court of Will County." (Pet., p. 1). Apparently, the plaintiff changed the county since he currently resides in Stateville Correctional Center which is in Will County.

Nonetheless, he still filed the document in the United States District Court for the Central District of Illinois. The plaintiff must not continue to file the same petition for mandamus in federal court. The district court does not have jurisdiction under 28 U.S.C. §1361 "to compel state officers to act in accordance with state law." *Granberry v State of Illinois,* 2000 WL 491690 (Mar. 8, 2000 7th Cir.) *citing Conistan Corp.v. Village of Hoffman Estates,* 844 F.2d 461, 469 (7th Cir. 1988).

The court will not transfer this case to state court since he has already filed a previous complaint citing the same claims that was transferred to Livingston County. The plaintiff's claims involve events and defendants that work at Pontiac Correctional Center. Therefore Livingston County is still the proper venue for his claims. *See* 28 U.S.C. § 1391(b). The

1

plaintiff's motion for leave to file a petition for mandamus is denied [d/e 1] and this case is dismissed.

The court notes that the plaintiff has also filed a letter asking the court to order the Illinois Department of Corrections to order a thyroid test. [d/e 2] The plaintiff's request has nothing to do with the allegations or defendants in his petition. The plaintiff also should not send letters to the court.

If the plaintiff wishes to file a lawsuit in federal court pursuant to 42 U.S.C. §1983 concerning prison conditions, he must first exhaust his administrative remedies. If the defendants are not responding to his grievances, the plaintiff may still file a lawsuit if he can demonstrate that he has exhausted all available administrative remedies. *See Lewis v Washington,* 300 F.3d 829, 833 (7th Cir. 2002) (holding that administrative remedies are unavailable if prison officials fail to respond to prisoners' grievances).

In addition, if the plaintiff's claim involves a lack of medical care at Stateville Correctional Center, he must file his complaint in the United States District Court for the Northern District of Illinois. The plaintiff must either pay the $350 filing fee in full or file a motion to proceed *in forma pauperis*.

Lastly, the plaintiff must file his complaint within the statute of limitations period. *Gonzalez v. Entress*, 133 F.3d 551, 554 (7th Cir.1998) ( two year statute of limitations period).

**IT IS THEREFORE ordered that the plaintiff's motion for leave to file a petition for mandamus is denied. [d/e 1]**

Entered this 23rd Day of August, 2010.

\s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE